# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>     vs.<br><br>ANTONIO HATTIX,<br><br>                  Defendant. | 8:17CR209<br><br>MEMORANDUM AND ORDER |

This matter is before the court for initial review of the Defendant Antonia Hattix's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (§ 2255 Motion), filed at ECF No. 143. Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of the Defendant's § 2255 Motion. Rule 4(b) states:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## FACTUAL BACKGROUND

On May 21, 2018, the Defendant entered a plea of guilty to Count I of the Indictment (Felon in Possession of a Firearm, in violation of Title 18, United States Code, Sections 922(g)(l) and 924(a)(2)). He was sentenced on August 20, 2018, to 48 months incarceration and three years of supervised release. Judgment was entered on the same date, and the Defendant did not appeal. Accordingly, Judgment was final at the close of the day on Monday, September 3, 2018. See Federal Rule of Appellate Procedure 4(b)(1)(A). His § 2255 Motion was dated July 30, 2019, postmarked September 12, 2019, and received and filed by the Clerk of this Court on September 16,

2019. Despite the unexplained six-week delay in the mailing of the motion, the Court will construe the Defendant's Certificate of Service, ECF No. 69 at Page ID #149, as demonstrating compliance with Rule 3(d) of the Rules Governing Section 2255 Proceedings and will not deny the Motion as untimely.

## DISCUSSION

The Defendant relies on the June 21, 2019, decision of the United States Supreme Court in *Rehaif v. United States,* 139 S. Ct. 2191 (2019), in which the Supreme Court held that the Government must prove that a defendant charged with being a prohibited person in possession of a firearm knew he possessed the firearm *and* knew he fell within the relevant status, *e.g.*, that he was a felon. *Id.* at 2194.

The Defendant does not deny that he had a felony conviction before he was charged in this case. His Presentence Investigation Report describes his July 24, 2012, felony conviction for which he received a sentence of two to four years incarceration. ECF No. 67, Page ID #129. Instead, the Defendant contends that he "was completely unaware that I was disallowed from possessing a firearm, and was not informed of such by neither counsel nor the court as it relates to the 2012 drug charge." Affidavit, ECF No. 69, at Page ID #148.

It is not necessary for the Court to conduct an analysis of whether the Supreme Court's opinion in *Rehaif* may be applied retroactively to the Defendant's case, because the Defendant was aware of his *status as a convicted felon* when he possessed the firearm that led to the charges in this case. His purported *ignorance of the law* regarding the rights of felons to possess firearms does not provide him with grounds for relief under § 2255. "The general rule that ignorance of the law or a mistake of law is no

defense to criminal prosecution is deeply rooted in the American legal system." *Cheek v. United States*, 498 U.S. 192, 201 (1991).

Accordingly,

IT IS ORDERED:

1. The Court has completed its initial review of the Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (§ 2255 motion), ECF No. 69;

2. The claims raised in the Defendant's § 2255 motion are summarily denied;

3. Because the Defendant has not made a substantial showing of the denial of any constitutional right, a certificate of appealability will be denied;

4. A separate Judgment will be entered; and

5. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 3rd day of October, 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge